```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 01-6853-CIV-SEITZ
                              MAGISTRATE JUDGE P. A. WHITE

FLOYD MATTERN,                :

       Petitioner,            :

v.                            :   REPORT OF MAGISTRATE JUDGE
                                        FOLLOWING REMAND
MICHAEL W. MOORE,             :

       Respondent.            :
_____
```

This Cause is before the Court upon referral following a remand by the Eleventh Circuit Court of Appeals to hold an evidentiary hearing on whether the petitioner knew or should have known of the factual predicate for his claims earlier through due diligence.

Section 28 U.S.C. §2244(d)(1)(A) provides that the one-year statute of limitations period for habeas petitions runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Section 28 U.S.C. §2244(d)(1)(D) provides that the one-year statute of limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Eleventh Circuit recognized in the appellate opinion that more than one year elapsed between the finality of Mattern's original conviction and the date on which he filed his federal habeas petition, so that if the limitations period is triggered by §2244(d)(1)(A), the petition was untimely. However, if the

limitations period is triggered under §2244(d)(1)(D), because Mattern did not know of the factual predicate for his claims until some later date, e.g. the date on which he was sentenced for the probation revocation, that later date would be the trigger for the limitations period. (DE# 94). Thus, the undersigned held an evidentiary hearing on Thursday, November 1, 2007, to determine the date that Mattern knew or should have known of the factual predicate for his claims.

This case was filed in federal court in 2001 and it has a protracted procedural history, which is detailed as follows. Mattern was charged by Information with aggravated battery upon a person 65 years of age or older, aggravated assault, and simple battery, which resulted from his hitting the elderly victim with a strip of metal roofing material. (DE# 17; Ex. E). On September 8, 1998, he entered a guilty plea and was sentenced to two years probation. He did not prosecute an appeal, and his conviction became final on or about October 8, 1998, when time expired for filing a notice of appeal.[1]

Mattern subsequently violated probation by committing two traffic misdemeanor offenses on separate occasions, failing to complete his court-ordered drug program, and giving false statements to his probation officer. (DE# 17; Ex. B). The Court issued a warrant for his arrest on April 27, 1999. (Id.). He

---

[1] A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); Kaufman v. United States, 282 F.3d 1336 (11 Cir. 2002). In Florida, if the defendant does not appeal, the sentence becomes final upon expiration of the thirty-day appeal period. Fla.R.App.P. 9.110(b); Demps v. State, 696 So.2d 1296, 1297, n.1 (Fla. 3d DCA 1997); Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990).

admitted to violating probation at a hearing on June 15, 1999 (DE# 32; Ex. C), and the Court sentenced him to 59 months imprisonment. Mattern did not appeal, and the time for filing an appeal resulting from the probation violation hearing expired on or about July 15, 1999.

On March 9, 2000, Mattern filed a motion for postconviction relief. (DE# 17; Ex. D). The Court denied the motion, and the denial was affirmed per curiam. (DE# 17; Ex. G). The Mandate was issued on March 30, 2001. (Id.). Mattern signed the presently pending federal petition under penalty of perjury on April 26, 2001.

Counsel was appointed to represent Mattern and brief the Court on the issues raised in the petition for writ of habeas corpus. Following oral argument, the undersigned entered a report recommending that the motion to vacate be granted to the extent that the state court be ordered to vacate the judgment of guilt for Count One and render it to reflect that Mattern was convicted of battery on a person 65 years or older. (DE# 62). The respondent objected to the report and argued that the report recommended granting relief that the petitioner never requested. (DE# 63). The respondent agreed with the finding that the petition is timely if calculated from the date of the probation violation hearing, but argued that any challenge to the original judgment entered upon the change of plea was untimely. (DE# 63). The respondent also objected and argued that the petition is moot because Mattern had served his sentence as of the time of the report, so that there was no relief that could be granted. Mattern objected simply on the

ground that the report did not address all of the claims raised in the petition. (DE# 64).

Upon re-referral, the undersigned concluded that Mattern had demonstrated that he received ineffective assistance of counsel and that there was a misstatement of the offense listed on the scoresheet. Revisiting the timeliness of the petition, the undersigned concluded that if the statute of limitations ran from the date of the original conviction, the petition would be time-barred. If it ran from the date of the probation violation hearing and the claims were considered as challenges to the probation violation hearing, the claims were moot because Mattern had served the sentence imposed following the revocation of probation. The undersigned withdrew the recommendation that the petition be granted, and recommended that it be dismissed as moot. (DE# 67).

Mattern objected, arguing that the petition was indeed timely because it was filed within one year of the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. He did not address the conclusion that the claims were moot. (DE# 72). The respondent, on the other hand, objected to the undersigned's conclusion that counsel rendered ineffective assistance at the probation violation hearing and argued, once again, that Mattern was convicted of *aggravated* battery upon a person over the age of 65, not simple battery on a person over the age of 65. The respondent also asserted that "if there were any deficient conduct on the part of counsel, it would have been at the time of the underlying conviction, and not at the time of the sentencing on the revocation of probation." (DE# 72).

4

The matter was re-referred once again, and the undersigned entered a report once again recommending that the petition be dismissed as moot if the claims challenged only matters arising from the probation revocation hearing and that it be dismissed as time-barred if the claims challenged the original change of plea hearing.  (DE# 75).  The report was adopted to the extent that it recommended that the claims be dismissed as moot.  The District Court specifically declined to address the timeliness of the petition as a challenge to the original conviction, because Mattern did not challenge his underlying conviction.  (DE# 76).

The Eleventh Circuit Court of Appeals granted Mattern's motion for certificate of appealability, vacated the final judgment, and remanded for further consideration.  The court found that the petition was not moot because Mattern was implicitly convicted of aggravated battery on a person over the age of 65 at his probation revocation hearing and that he faces further collateral consequences as a result of that implicit conviction. The appellate court stated that the inquiry did not end there and that further consideration of the timeliness of the petition was warranted.

Three witnesses were called to testify at the evidentiary hearing held on November 1, 2007: Simshon Gershon, Esq., Mattern's counsel at the original plea hearing and the probation revocation hearing; Mattern himself; and Michael Jones, Esq., the assistant state attorney who appeared at both the original plea hearing and the probation revocation hearing.

Gershon testified that he was provided two scoresheets--one for the original plea and one for the probation violation--both of

which he reviewed with Mattern.  He did not specifically recall when he reviewed each scoresheet with Mattern, but he testified that his ordinary practice is to review the scoresheet either the day of the sentencing hearing or sometime before the hearing. He further testified that he sometimes gives the scoresheet to the defendant and sometimes he keeps it, depending upon the sentence the defendant receives.  Ordinarily, when a defendant is sentenced to prison, he gives the scoresheet to the defendant, but when a defendant receives a sentence which allows him to remain out of custody, he does not usually give the scoresheet to the defendant. In this case, he was not sure whether or not he gave the scoresheet to Mattern after the original plea hearing.

Mattern testified that he never received a scoresheet from counsel.  He testified that he has the scoresheet from the original plea hearing held on September 8, 1998 in his possession, but he retrieved that scoresheet from the clerk's office and the official court file, not from counsel.  He testified that he never received the original scoresheet from counsel.

Assistant State Attorney Michael Jones testified that he gave defense counsel a copy of the sentencing guideline scoresheet prior to the original plea hearing and the probation violation hearing. He himself observed counsel review the scoresheet with Mattern.  He also prepared the original scoresheet, which he is mandated to provide prior to any plea.  Multiple copies of the scoresheet are generated and one copy is given to the defendant, one remains with the State Attorney, one copy is given to the probation office, and one copy is filed in the court file.

Having carefully attended to the testimony and argument presented at the evidentiary hearing, the undersigned finds that the assistant state attorney provided a copy of the sentencing guidelines scoresheet to defense counsel for him to review with his client prior to the original plea hearing.  The assistant state attorney observed counsel review the scoresheet with his client, which trial counsel testified that he ordinarily does.  A copy of the scoresheet was filed in the Court file that same day.  Mattern subsequently sent a family member to secure a copy of that scoresheet from the Court file, which the family member did, and a copy of the scoresheet is now in Mattern's possession.  That scoresheet lists the crimes for which Mattern was sentenced as aggravated battery, aggravated assault, and simple battery.

While it is not known exactly when the scoresheet was secured by Mattern's family member, the scoresheet was a matter of record and filed in the official court file on September 8, 1998.  Mattern reviewed a copy of the scoresheet with counsel prior to the entry of his guilty plea, and he could have obtained a copy of the scoresheet at anytime on or after September 8, 1998--either from his attorney (who had shown him a copy of the scoresheet) or from the court file (which he eventually did).  Mattern's failure to secure a copy of the scoresheet demonstrates that he did not exercise due diligence.  If the scoresheet alerted Mattern at the probation revocation hearing that there was an erroneous misstatement of the charge to which he pleaded, the scoresheet should have alerted him at the time he changed his plea; however, it was of no concern to Mattern at that time because it did not benefit him to bring the error to the Court's attention.

Counsel at the evidentiary hearing argued that the federal petition for writ of habeas corpus should run from the date of the probation violation hearing under the doctrine adopted in <u>Walker v. Crosby</u>, 341 F.3d 1240 (11 Cir. 2003), which held that "so long as the petitioner challenges his custody by bringing claims concerning both the underlying conviction and the corrected sentence, the petitioner will get the benefit of the statute of limitations starting anew on the date the corrected sentence becomes final." <u>See</u> <u>also</u> <u>Ferreira v. Sec't Dept. Corr.</u>, 494 F.3d 1286 (11 Cir. 2007)(affirming <u>Walker</u>, <u>supra</u>).  In both <u>Walker</u> and <u>Ferreira</u>, the petitioners' sentences were corrected following postconviction proceedings which resulted in amended judgments. This case is distinguishable from those cases because the original judgment was not amended or corrected.  Mattern was sentenced to probation.  He violated his probation and a judgment resulting from his violation was entered.  A new sentencing guideline scoresheet was prepared and a separate sentence was imposed for the probation violation. There were two separate and distinct judgments arising in Mattern's case.

Counsel further argued that the original plea hearing was not relevant to the determination of the timeliness of the petition because counsel's ineffectiveness could not be raised until Mattern suffered prejudice, which did not occur until the probation violation hearing.  In support of argument, counsel directed the Court's attention to <u>Hasan v. Galaza</u>, 254 F.3d 1150 (9 Cir. 2001), which held that the limitations period began to run on the date that the petitioner learned of the facts support his claim of ineffective assistance of counsel, including the date on which he realized that he was prejudiced by counsel's deficient performance.

8

The Ninth Circuit noted that, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance*." Id. at 1154 n. 3 (emphasis added)("This is not to say that Hasan needed to understand the legal significance of those facts-rather than simply the facts themselves-before the due diligence (and hence the limitations) clock started ticking.").

Mattern knew or should have known at the time of his original change of plea that there was a sentencing scoresheet reflecting that he could have been sentenced to at least 54 months imprisonment for aggravated battery of a person over the age of 65, aggravated assault and simple battery. He knew at the time of his nolo contendere plea that he was receiving a negotiated sentence of probation. The fact is that Mattern did not question the information on the scoresheet and did not realize its legal significance until he violated probation and received a prison sentence. However, upon consideration of the credible testimony given by assistant state attorney Michael Jones, Mattern knew or should have known at the time of the original change of plea hearing that he faced a guideline sentence of 54 months based upon aggravated battery and that the charge listed on the sentencing scoresheet differed from the charge he maintains that he believes that he stood convicted of. Evidentiary hearing testimony revealed that trial counsel reviewed the scoresheet with Mattern prior to the change of plea hearing. Mr. Gershon previously testified at a hearing in State court that he advised against accepting the probationary plea because he believed Mattern would violate. (DE# 33; Ex. F at 32-33). Counsel testified at that hearing that he told Mattern that if he violated probation, he could be looking at

9

a lot of jail time. (Id.). Thus, Mattern knew or should have known that he was receiving probation in lieu of a prison sentence. Mattern could have secured a copy of the scoresheet from the court file as early as September 8, 1998, but he did not due so.

Mattern has maintained throughout these proceedings that he was not challenging the original plea because he believes that the Court properly convicted him of simple battery upon a person over the age of sixty-five. He argues that the constitutional error in this case arose at the probation violation hearing when he was sentenced based upon a conviction of aggravated battery upon a person over the age of sixty-five. The Eleventh Circuit agreed with Mattern's argument that his petition was not moot because he was *implicitly* convicted of aggravated battery on a person over the age of sixty-five and that *implicit* conviction has resulted in collateral consequences.

Mattern raised three claims in his federal petition for writ of habeas corpus: 1)that the probation court erred when it sentenced him based upon a conviction of aggravated battery upon a person over 65 years of age, when, in fact, he pleaded guilty to simple battery upon a person over 65 years of age; 2) that he received ineffective assistance of counsel when counsel failed to apprise the court of the misstatement on the sentencing guidelines scoresheet, which resulted in a miscalculation of his sentence; and 3) that the misstatement of the offense listed as the primary offense on the sentencing guidelines scoresheet resulted in an increased sentencing range.

After careful review of the record, it was determined in previous reports that the claims are meritorious. Since the

Eleventh Circuit has found that Mattern was implicitly convicted of aggravated battery of a person over the age of sixty-five at the probation violation hearing, it seems that the District Court must find that the statute of limitations began to run on the date of the probation violation hearing instead of the date of the original change of plea hearing.

Thus, while the undersigned believes that Mattern should have known as of September 8, 1998, that his scoresheet was calculated based upon the crime of aggravated battery on a person over the age of sixty-five and that the information charged him with that offense, and that he did not exercise due diligence in determining this information, the undersigned believes that it is prudent for the District Court to find that the statute of limitations began to run as of the date of the probation violation hearing.  The petition is therefore timely.

With regard to Mattern's first claim of trial court error for sentencing him based upon aggravated battery of a person over the age of 65, he is entitled to relief.  The statements made at the change of plea hearing, the order of probation, the court docket sheet, the affidavit in violation of probation, the probation warrant, and the Court's initial statement at the probation violation hearing all indicate that Mattern pleaded guilty to battery upon a person over the age of 65, not aggravated battery upon a person over the age of 65.  One copy of the written judgment is ambiguous and the other copy appears to have been altered after the fact to reflect "aggravated" battery.  (DE# 31; Ex. D).  Both copies of the written judgment have the identical date and time stamp: September 23, 1998 at 1:36 p.m., and both reflect that count

11

one is a first degree felony. (In fact, simple battery upon a person over the age of 65 is a third degree felony and aggravated battery upon a person over the age of 65 is a first degree felony.) One copy, however, has the word "aggravated" written over the first count. There are no initials beside the word "aggravated" and there is no date, so that it cannot be determined when the change was made. The respondent represents that it was written at the time of the probation violation, which, if correct, has no persuasive value with regard to the charge to which Mattern pleaded nolo contendere.

Although Mattern's argument is persuasive, it is not conclusive, because although the Court misstated the charge contained in the information, the references to these charges could logically be considered to be a reference to the charges in the information. There was no representation by either party that the negotiated plea was to reduced charges; nor was there any statement that the aggravated battery was being nolle prossed, dismissed, or reduced. The aggravated assault charge was not reduced, and the weapon that was used to commit the aggravated assault was the same weapon used to commit the aggravated battery.

Both Florida and federal law hold that if there is a conflict between the oral pronouncement of judgment and the written judgment itself, the terms of the oral pronouncement control. Scott v. United States, 434 F.2d 11, 20 (5th Cir. 1970); Selwin v. Florida, 903 So.2d 361 (Fla. 2d DCA 2005). The only oral statement delineating the charges during the change of plea hearing represented that there was a battery upon a person over the age of 65. Mattern entered a negotiated plea, and plea bargaining often

involves the reduction of charges in exchange for disposition by plea. There are written documents that suggest that an aggravated battery was involved, although the only specific reference to the charges made by the Court was that the charge before it was battery upon a person over the age of 65. Upon stating the charges, the Court asked Mattern if he wished to plead no contest to "these charges," which could have been the misstated charge or the charges contained in the information. (DE# 17; Ex. E; transcript at 3.) At no other time, including the prosecutor's proffer of the terms of the plea agreement, is there specific reference to the charges against him or the charges contained in the information. The Court refers to "these charges," which gives credence to an argument that the Court was referring to the information, but it also could arguably have been referring to the charges as stated by the Court earlier in the colloquy. (Id.).

There was no written plea agreement and neither party attempted to correct the Court's statement of the charges. No factual proffer or stipulation was made, and the Court did not explain the maximum sentence for each offense or the possible sentence upon violation of probation. The court status sheets for both the original plea hearing and the probation violation hearing reveal a conviction of battery on a person over the age of 65, not aggravated battery of a person over the age of 65. The sentencing guidelines scoresheet lists the primary offense as "Agg. Batt > 65." All court generated documents, save one--the altered judgment--reflect the charge as battery on a person over the age of 65, not aggravated battery. The oral pronouncements at the change of plea hearing are controlling, so that it appears, based solely upon the one statement made by the Court, that Mattern pleaded nolo

13

contendere to and was sentenced for simple battery upon a person over the age of 65. Thus, he is entitled to relief on his first claim.

With respect to his third claim, Mattern correctly argues that the misstatement of the offense listed as the primary offense on the sentencing guidelines score sheet resulted in an increased sentencing range. Thus, he is also entitled to relief on his third claim.

As to the second claim alleging ineffective assistance of counsel for failing to object to the sentence imposed at the probation violation hearing, the undersigned initially concluded without receiving testimony that counsel rendered ineffective assistance because he should have objected to the sentence and Mattern was prejudiced because the sentence was more than four months greater that it would have been had counsel objected. After receiving testimony at the evidentiary hearing on November 1, 2007, the undersigned is no longer persuaded that counsel performed deficiently in this matter.

Assistant State Attorney Michael Jones testified that at all times, it was understood that Mattern was entering a negotiated plea in which he would receive a downward departure from the recommended sentencing guideline range. He testified that the information charged Mattern with aggravated battery of a person over the age of 65, aggravated assault of a person over the age of 65, and simple assault. In order to amend the charges and accept a plea to different charges, he would have been required to make written changes on the information and initial the changes. He

would have also been required to prepare another scoresheet reflecting the amended charges. He neither amended the information nor prepared another scoresheet because it was his understanding, defense counsel's understanding, and the Court's understanding that Mattern was pleading no contest to the charges contained in the indictment in exchange for a departure sentence of probation. Trial counsel Gershon testified that he did not identify any infirmity in the guilty plea or the recommended sentence for the probation violation. Although the undersigned agrees that there was confusion between the oral pronouncement and the written documents, the undersigned does not find counsel's performance to be deficient, because he rightfully believed that Mattern stood convicted of the offenses for which he was charged.

Strickland v. Washington, 466 U.S. 668, 690 (1984) instructs that the Court to employ a highly deferential scrutiny of counsel's performance and to consider the prevailing professional norm to determine if in light of all the circumstances counsel's counsel's acts were outside the wide range of professionally competent assistance. In this case, counsel advocated on his client's behalf and secured a departure sentence of probation in lieu of prison. There was no amended information. The Court entered the sentence as agreed by the parties, and based upon the testimony of both trial counsel and the Assistant State Attorney, there was no reason to believe that the information had been amended or that the scoresheet provided to counsel was wrong when it listed the primary offense as an aggravated battery on a person over the age of 65. Mattern has not submitted any evidence to show that any other attorney providing professional competent assistance would have

ordered the transcript of the change of plea or reviewed the Court documents with greater scrutiny than Mr. Gershon did.

Thus, the undersigned recedes from his prior conclusion that counsel rendered ineffective assistance, in light of the newly offered testimony presented at the evidentiary hearing. Even if the undersigned were to determine that counsel rendered ineffective assistance at the probation violation hearing, however, the outcome of this report would remain unchanged because two of the claims have merit, so that habeas corpus relief is warranted.

This matter has been pending before the Court for several years and it presents a complicated and convoluted record as well as a circular argument which cannot easily be resolved. According to Mattern, he has never challenged the original judgment of conviction, yet he asks the Court to issue a conditional writ and possibly allow him to withdraw his original plea (DE# 56). The record shows that none of his claims challenge the original judgment of conviction resulting from that plea. If he were to challenge the original judgment stemming from the guilty plea on September 8, 1998, the claims would be time-barred for the reasons stated above. Entering an order directing the State court to allow Mattern to withdraw his September 8, 1998 guilty plea, where he has not challenged the constitutionality of those proceedings, would be inappropriate under the circumstances.

Mattern maintains that he seeks only to challenge the judgment arising from the probation violation hearing. As discussed above, he has raised meritorious claims. Mattern has asked the court to issue a conditional writ directing the State to reimpose judgment

in a manner consistent with the understanding conveyed to him at the original plea hearing.  (DE# 56).  He does not challenge the fact that he did, in fact, violate probation.  Thus, an amended judgment as requested by Mattern would state that he violated probation entered for the offenses of battery on a person 65 years of age or older, aggravated assault on a person 65 years of age or older, and simple battery; and, amending the sentence to reflect that it was calculated based upon battery as he understood it.

It is therefore recommended that this petition be granted to the extent that State court be ordered to amend the judgment entered at the probation violation hearing and enter an amended judgment on the probation violation reflecting a sentence based upon simple battery upon a person over the age of 65 instead of aggravated battery of a person over the age of 65.  The judgment resulting from the original change of plea hearing should remain unchanged, as Mattern has never challenged that judgment, and any challenge to that judgment would be untimely.

Objections to the report may be filed with the District judge within ten days of receipt of the report.

Signed in chambers at Miami, Florida this 7th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Janice L. Bergman, Esq.
Assistant Federal Public Defender
One East Broward Boulevard, §1100
Fort Lauderdale, FL 33301-1100

Melynda Melear
Assistant Attorney General
1655 Palm Beach Lakes Boulevard
Suite 300
West Palm Beach, FL 33401