UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 01-06853-CIV-SEITZ/WHITE

FLOYD MATTERN,

      Movant,

v.

MICHAEL W. MOORE,

      Respondent.

_____/

## ORDER AFFIRMING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon United States Magistrate Judge Patrick A. White's Report and Recommendation ("Report") [DE 100].[1] Magistrate Judge White recommends that Movant's habeas corpus petition be granted as to two claims and that the state court be ordered to amend the judgment entered against Movant at his probation violation hearing to reflect a sentence based upon simple battery as opposed to aggravated battery. Having reviewed the Report, the parties' objections, the entire factual record and the relevant legal authorities, the Report is affirmed and adopted because: (1) Movant's oral plea to simple battery, as opposed to aggravated battery, is controlling; (2) the ineffective assistance issue is not outside the Eleventh Circuit mandate; and (3) Movant's counsel's performance was not deficient.

I.    **Background**

The Court shall incorporate by reference Magistrate Judge White's detailed description of the lengthy procedural history in this case. (*See* DE 100.) However, it is helpful to recount the operative events that are pertinent to Movant's habeas corpus petition.

Movant was charged in state court with, among other things, aggravated battery on a person over the

---

[1] Movant also filed a motion to expand the record [DE 98] to include the Sentencing Guidelines Scoresheet relied upon by the sentencing court at Movant's probation violation hearing held on June 15, 1999. The Magistrate Judge did not address this motion, but permitted entry of the document as an exhibit at the evidentiary hearing. Moreover, Respondent did not oppose the motion. Therefore, the record shall be expanded to include this document.

age of 65.[2] Pursuant to a plea agreement, he pleaded guilty and was sentenced to two years probation on September 8, 1998. The parties dispute whether Movant was convicted of *aggravated* battery or *simple* battery. Movant's conviction became final on October 3, 1998. Movant later violated his probation, and during his probation violation hearing on June 15, 1999, the court calculated the sentence based on aggravated battery and imposed a term of imprisonment. On March 9, 2000, Movant filed a state post-conviction motion challenging the calculations used to enhance his sentence. The state court denied the motion in October 2000, holding that Movant had in fact pleaded guilty to aggravated battery.

On April 26, 2001, Movant filed a federal habeas petition *pro se* under 28 U.S.C. § 2254 arguing that the sentencing court erred when it sentenced him based on a sentencing score sheet that incorrectly listed his prior conviction as *aggravated* battery instead of *simple* battery, and that mistake resulted in an enhanced sentence.[3] Movant completed his sentence and was released while the petition was pending, however, he was re-arrested on new charges of aggravated battery shortly thereafter. The state moved to dismiss the § 2254 petition as moot. Movant, having obtained counsel, opposed the motion asserting that the conviction for aggravated battery would have collateral consequences for him because of his new arrest and prosecution.

Throughout this case, the Magistrate Judge has issued four Report and Recommendations ("Reports"), including the operative Report at issue in this Order. In his initial Report, Magistrate Judge White found that Movant's petition should be granted because the sentencing court erred when it sentenced him based upon a scoresheet that listed his primary offense as an aggravated battery, when, in fact, he orally pleaded guilty to simple battery. (*See* DE 62.) Specifically, Magistrate Judge White found that although

---

[2] For purposes of brevity, the crime of battery on a person over the age of 65, whether simple or aggravated, shall be referred to as "battery."

[3] Movant's habeas petition included three claims: (1) the sentencing court erred when it sentenced him at his probation violation hearing based on a sentencing score sheet that incorrectly listed his prior conviction as *aggravated* battery; (2) Movant's trial counsel, Simchon Gershon, was ineffective based on his failure to review for accuracy the guidelines scoresheet submitted at sentencing on June 15, 1999; and (3) the score sheet at the June 15, 1999 probation violation hearing was incorrectly calculated. (*See* DE 1.)

there was substantial and competent evidence to support the fact that Movant was charged with aggravated battery, the transcripts from the state court plea colloquy specifically state that Movant pleaded to simple battery (DE 62 at 11), and therefore, he held that the state court erred by sentencing Movant based on aggravated battery. *See id.* (citing *Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970) (holding that where there is a conflict between the oral pronouncement of judgment and the written judgment, the oral pronouncement controls).[4] This Court, however, remanded the matter to Magistrate Judge White to address Petitioner's second and third claims that he received ineffective assistance of counsel and that the misstatement of the offense listed as the primary offense on the sentencing guidelines scoresheet resulted in an increased sentencing range. (*See* DE 65.) In his Amended Report, the Magistrate Judge again determined that Movant had been convicted of simple battery and that his claims were meritorious, however, the Magistrate Judge recommended that the petition be dismissed as moot or untimely. (*See* DE 67.)

Movant objected to the Amended Report claiming the petition was timely filed, and this Court re-referred the case to the Magistrate Judge to resolve this new timing issue. In his Second Amended Report, the Magistrate Judge recommended that Movant's three claims be dismissed as moot if they challenge his sentence at the probation violation hearing and dismissed as untimely if they challenge the original conviction. (*See* DE 75.) This Court affirmed the Second Amended Report with regard to the mootness issue and dismissed as moot Movant's petition because Movant was not suffering collateral consequences stemming from his original conviction. (*See* DE 77.) The Court did not address the timing issue.

On appeal, the Eleventh Circuit vacated and remanded holding that the petition was not moot because: (1) Movant was implicitly convicted of aggravated battery on a person over age 65 at his probation violation hearing; (2) that his sentence on the probation violation was enhanced based on this conviction; and (3) that he faces further collateral consequences due to the fact that he has been arrested again. *Mattern v.*

---

[4] Fifth Circuit decisions prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

*Sec'y for the Dept. of Corr.*, 494 F.3d 1282, 1285-86 (11th Cir. 2007). Additionally, in addressing whether

Movant's petition was timely, the appellate court held that while the petition would be time-barred under §

2244(d)(1)(A) because more than a year had elapsed since the original conviction judgment became final,

if the factual predicate for the claims was not known until the court sentenced Movant at the probation

violation hearing on June 15, 1999, the petition would in fact be timely under §2244(d)(1)(D).[5] *Id.* at 1286.

Accordingly, the Eleventh Circuit remanded the case to this Court to conduct an evidentiary hearing

addressing when Movant "knew or should have known of the factual predicate" for his claims. *Id.*

On remand, this Court re-referred the matter to the Magistrate Judge to conduct the evidentiary

hearing and provide a report and recommendation.   The following three individuals testified at the

evidentiary hearing: (1) Movant's defense counsel, Simshon Gershon ("Gershon"); (2) Assistant State

Attorney, Michael Jones, who appeared both at the original plea hearing and the probation violation hearing

("ASA Jones"); and (3) Movant himself. After hearing testimony, Magistrate Judge White found that while

he "believes that [Movant] should have known as of September 8, 1998, that his scoresheet was calculated

based upon the crime of aggravated battery on a person over the age of sixty-five . . ., and that he did not

exercise due diligence in determining this information," he also "believes that it is prudent for the District

Court to find that the statute of limitations began to run as of the date of the probation violation hearing,"

and that the petition is, therefore, timely. (*See* DE 100.)

Having found that the petition was timely, the Magistrate Judge proceeded to evaluate Movant's

---

[5]  Sections 2244(d)(1)(A) and (D) state in relevant part that:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person
in custody pursuant to the judgment of a State court. The limitation period shall run from the latest
of--
(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review; . . . or
(D) the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

three claims. Based on the evidence presented at the evidentiary hearing, the Magistrate Judge determined that Movant's first claim has merit because his sentence was improperly calculated on a scoresheet that listed his prior conviction as *aggravated* battery as opposed to *simple* battery. The Magistrate Judge also found that Movant is entitled to relief on his third claim because the misstatement of the offense listed on the scoresheet resulted in an increased sentencing range.

With respect to Movant's second claim, however, Magistrate Judge White reversed his previous conclusion that defense counsel was deficient. In his Amended Report, the Magistrate Judge found that Movant's counsel's performance was deficient because he should have raised an objection to the sentence based upon the *aggravated* battery conviction. (*See* DE 67.) Moreover, the Magistrate Judge further found that Movant was prejudiced by his counsel's deficient performance because he was sentenced to 59 months for *aggravated* battery when the maximum penalty he could have received for a violation imposed for simple battery was 54.75 months. However, as mentioned, notwithstanding the fact that he found Movant's claims meritorious, the Magistrate Judge recommended that the petition be dismissed as moot or untimely.

In the instant Report, after receiving testimony at the November 1, 2007 hearing, Magistrate Judge White states that he is no longer persuaded that counsel performed deficiently because he rightfully believed that Movant stood convicted of the offenses for which he was charged. In support of this position, the Magistrate Judge cites to ASA Jones' testimony in which he states that "at all times, it was understood that [Movant] was entering a negotiated plea in which he would receive a downward departure from the recommended sentencing guideline range and that the information charged [Movant] with aggravated battery of a person over the age of 65, aggravated assault of a person over the age of 65, and simple assault." The Magistrate Judge found that in order to amend the charges and accept a plea to different charges, ASA Jones would have been required to make written changes on the information and initial the changes. He would also have been required to prepare another scoresheet reflecting the amended charges. Thus, Magistrate Judge White concluded that ASA Jones neither amended the information nor prepared another scoresheet because

it was his understanding, and that of Movant's counsel and the court, that Movant was pleading no contest to the charges contained in the indictment in exchange for a departure sentence of probation.  Moreover, defense counsel Gershon testified that he did not identify any infirmity in the guilty plea or the recommended sentence for the probation violation.

## II.    Discussion

Both parties filed objections to the Magistrate Judge's Report.  Respondent argues that because Magistrate Judge White found that Movant "knew or should have known" at the time of his original plea or September 8, 1998, that there was a sentencing scoresheet reflecting that he could have been sentenced for *aggravated* battery, the statute of limitations should run from that date rather than from the date of the sentencing violation hearing.  Movant filed objections to the Report and also responded to Respondent's objections arguing that: (1) Magistrate Judge White was correct in finding that Movant's petition was timely; and (2) Magistrate Judge White's determination that Movant's counsel was not deficient is outside of the Eleventh Circuit's mandate.  This Court now turns to these issues

(a)     **Movant's Petition is Timely Because He Filed It Within One Year of His Probation Violation Hearing.**

With regard to the timeliness issue, the sole question to resolve is when Movant was required to file his § 2254 motion.  Movant claims that the statute of limitations should run from the date of the probation violation hearing, or June 15, 1999.  Respondent, on the other hand, relies on the Magistrate Judge's finding that Movant "knew or should have known" that he faced sentencing points for aggravated battery at the original hearing on September 8, 1998, and therefore, the statute of limitations should run from that date.

The Supreme Court addressed a similar issue in *Johnson v. United States*, 544 U.S. 295 (2005).[6]  In

---

[6]  While Supreme Court in *Johnson* interpreted the statute of limitations provision of 28 U.S.C. § 2255, the statute of limitations provision associated with § 2254 uses substantially identical language, i.e., "the date on which the facts supporting the claim or claims presented could have been discovered" (*see* 28 U.S.C. § 2255) as compared to "the date on which the factual predicate of the claim or claims presented could have been discovered." *See* 28 U.S.C. § 2254.

*Johnson*, the petitioner was given an enhanced federal sentence as a career offender based on two prior state convictions. The state court convictions were subsequently vacated and the petitioner filed a § 2255 motion to vacate his enhanced federal sentence. The petitioner argued that his petition was timely under § 2255 (4) because the "facts supporting the claim" could not have been discovered until the state court convictions were vacated. The Supreme Court agreed and held that the statute of limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, but stops only if the prisoner sought the state court vacatur with due diligence after entry of the judgment in the federal case in which the sentence was enhanced. *Id.* at 308. The Supreme Court explained that prior to the federal conviction, a petitioner has no § 2255 claim because "he has no enhanced federal sentence to challenge." Moreover, the Supreme Court included a discussion of Congress' intentions in creating the federal limitation period, explaining that:

> It is also doubtful that Congress meant the federal limitation period to begin running, let alone expire, at a time when a typical state convict will have no inducement under federal law to act. On the Government's reading, in fact, a defendant could be obligated to act at a time when he had no real incentive for questioning the state conviction. Many of those convictions that in time become predicates for enhancing later sentences are, like the one here, the consequences of guilty pleas entered on terms defendants are willing to accept. Thus, a federal limitation rule obligating a defendant to turn around and attack a state guilty plea he has just entered would in practice place most predicate convictions beyond challenge as a matter of federal law.

*Id.* at 306 n.5.

While the case at bar does not present the identical situation to that in *Johnson* because the enhanced sentence is not based on past convictions, the policy behind the *Johnson's* holding is applicable. While the Court agrees that Movant should have been aware that he faced increased sentencing points for aggravated battery as early as September 8, 1998, he had no real incentive to challenge it because he had just been given two years probation. It was not until his probation violation hearing on June 15, 1999, when his sentence was imposed and enhanced based on the aggravated battery count, that Movant would have been motivated to pursue a claim for the purported sentencing error. Thus, under the facts of this case, it is appropriate to run the statute of limitations from the later hearing, rendering Movant's petition timely.

**(b)**     **Movant's Ineffective Assistance Claim Is Not Outside The Eleventh Circuit's Mandate And Magistrate Judge White's Recommendation On The Merits Is Affirmed**

Movant argues that the Eleventh Circuit limited its remand to the issue of timeliness, and therefore, the Magistrate Judge's new recommendation as to the issue of ineffective assistance of counsel issue is improper. For the following reasons, the Court finds that it may address the ineffective assistance of counsel issue.

*1.     Movant's Claim For Ineffective Assistance Of Counsel Is Not Outside The Eleventh Circuit Mandate*

As the procedural history reflects, because this Court never addressed the Magistrate Judge's previous determinations on the merits of Movant's petition, Movant's argument fails. Movant's § 2254 motion made three claims, the second of which was ineffective assistance of counsel. The initial Report recommended the granting of the petition as to claim one because Movant orally pleaded to simple, as opposed to, aggravated battery and did not address claims two or three. This Court did not address the recommendation and remanded the case to the Magistrate Judge for a recommendation on these other two claims. The Magistrate Judge entered an Amended Report which stated that although he believed the claims had merit, he "withdraws [his] recommendation that the petition be granted" and instead recommends that it be dismissed as moot or untimely. After considering the objections, this Court re-referred the matter to the Magistrate Judge to re-address the new timeliness issue. Finally, in the Second Amended Report, Magistrate Judge White recommended that the petition be dismissed as moot because Movant had been released and did not suffer collateral consequences or dismissed as time-barred if the claims stemmed from the original conviction. This Court affirmed that portion of the Second Amended Report holding that Movant's petition was moot.

Because this Court never affirmed the Magistrate Judge's previous determination that Movant's claims were meritorious and the only issues discussed in the Court's Order Affirming the Second Amended Report were whether Movant's claims were timely or moot, the Eleventh Circuit's decision can only relate

to this Court's affirmance of the Magistrate Judge's timeliness or mootness recommendations, and not the merits. Therefore, having found that Movant's petition was timely, the logical next step is for the Court to address Movant's three claims on the merits for the first time.[7]

2.      *The Recommendation As To Ineffective Assistance Is Not Clearly Erroneous Factually And A Correct Application Of The Law*

With regard to Movant's second claim, ineffective assistance of counsel, Magistrate Judge White retreated from his earlier conclusion that Movant was entitled to relief, and found that defense counsel did not perform deficiently. After receiving testimony at the evidentiary hearing, as mandated by the Eleventh Circuit, Magistrate Judge White found that the evidence tended to show that Movant was entering a negotiated plea for aggravated battery. Specifically, he found that based on the testimony of ASA Jones, it was understood that Movant was entering a negotiated plea in which he would receive a downward departure from the recommended sentencing guideline range. Moreover, ASA Jones testified that the information charged Movant with aggravated battery, not simple battery, and that in order to amend the charges and accept a plea to different charges, he would have been required to make written changes on the information and initial those changes, which he did not do. He also testified that he would have been required to prepare another scoresheet reflecting the amended charges, which he also did not do. ASA Jones testified that it was his understanding, defense counsel's understanding and the state court's understanding that Movant was pleading no contest to the charges in exchange for a departure sentence of probation.[8]

Based on this testimony, Magistrate Judge White held that, under *Strickland v. Washington*, 466 U.S. 668 (1984), defense counsel's performance was not deficient because there was no reason to believe that the

---

[7] The Court adopts Magistrate Judge White's analysis of Movant's first and third claims. First, as to claim one, the Magistrate Judge found that although there was inconsistent evidence as to whether Movant pleaded guilty to simple battery or aggravated battery and based on *Scott* the oral pronouncements at the change of plea hearing were controlling, and therefore, Movant was entitled to relief. Additionally, because the misstatement on the scoresheet resulted in an increased sentencing range, he is also entitled to relief on his third claim. Such relief takes the form of an amended judgment to Movant's state court judgment entered at the probation violation hearing.

[8] The Court's *de novo* review shows that the Magistrate Judge's factual findings are not clearly erroneous.

information had been amended or that the scoresheet provided to counsel was wrong when it listed the primary offense as an aggravated battery on a person over the age of 65. Moreover, the Magistrate Judge noted that the outcome of the report and recommendation would remain unchanged because Movant is entitled to relief on his first and third claim.

This Court agrees with Magistrate Judge White's revised analysis. The standard for judging counsel's performance is "'reasonableness under prevailing professional norms.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Strickland*, 466 U.S. at 688). The test for reasonableness is not whether counsel could have done something more or different; instead, a court must consider whether the performance fell within the broad range of reasonable assistance. *Id.* The burden of persuasion is on the petitioner to prove by a preponderance of the evidence that counsel's performance was unreasonable. *Id.* Courts conduct a highly deferential review of counsel's performance and "'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689-90); *see also Williams v. Head*, 185 F.3d 1223, 1235 (11th Cir. 1999) (quoting same language from *Strickland*). Based on this strong presumption of competent assistance, the petitioner's burden of persuasion is a heavy one: "petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler*, 218 F.3d at 1315.

Here, defense counsel Gershon advocated on Movant's behalf and secured a departure sentence of probation in lieu of prison. Moreover, based upon the testimony of ASA Jones, there was no reason to believe that the information had been altered to reflect a charge for simple battery as opposed to aggravated battery, or that the scoresheet was incorrect. Additionally, Movant has not provided any evidence tending to prove that "no competent counsel would have taken the action that his counsel did take." Thus, Movant is not entitled to relief as to his second claim.

**III.    Conclusion**

For the reasons set fort herein, it is hereby

ORDERED that

(1)      Movant's Motion to Expand Record [DE 98] is GRANTED.

(2)      The Magistrate Judge's Report and Recommendation [DE 100] is AFFIRMED and ADOPTED.

(3)      Movant's petition pursuant to 28 U.S.C. § 2254 [DE 1] is GRANTED as to claims one and three and DENIED as to claim two.

(4)      This matter is REMANDED to the state court to amend the judgment entered at the probation violation hearing to reflect a sentence based upon simple battery upon a person over the age of 65 and to take any other action necessary to effectuate this Order.

(5)      All pending motions not otherwise ruled upon are DENIED AS MOOT.

(6)      This case is CLOSED.

DONE and ORDERED at Miami, Florida this _6_ day of February, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
Counsel of Record